

$150.00

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG H., by his next friend, Christina  :
    Corp-Francis,  : JURY TRIAL DEMANDED

    Plaintiff,  :

vs.  : Civil Action No:

THE CITY OF PHILADELPHIA,  : 04cv1985

    Defendant.  :

FILED
MAY - 6 2004
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## COMPLAINT

### INTRODUCTION.

1. In this action for injunctive relief and damages, plaintiff, a man with mental illness and profound deafness, seeks relief from the defendant City of Philadelphia, which has placed him into a residential treatment home without providing him the accommodations needed for him to communicate in any manner with staff or other residents. The result of these actions, in violation of the Americans with Disabilities Act and the Rehabilitation Act, is that plaintiff has no mechanism to communicate with the staff who are supposed to be caring for him or with his fellow residents, and lives in solitary confinement – type isolation.

### JURISDICTION.

2. Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. § 1331, this being a case arising under the laws of the United States. Jurisdiction is additionally conferred by virtue of 28 U.S.C. § 1343 (3) and (4), this being an action filed under 42 U.S.C. §§ 1983 and 12133, and 29 U.S.C. § 794a(a)(2).



3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) in that plaintiff resides in this judicial district and the events or omissions giving rise to these claims occurred in this judicial district.

**PARTIES.**

4. Plaintiff Craig H. is a citizen of the United States, and a resident of Philadelphia, Pennsylvania, who is deaf and is diagnosed with Schizoaffective Disorder.

5. Due to his mental illness, Craig is represented in this action by his next friend, Christina Corp-Francis.

6. Defendant City of Philadelphia ("City") is a City of the first class of the Commonwealth of Pennsylvania. Defendant City is a recipient of substantial federal financial assistance for its operation of mental health programs.

**FACTUAL ALLEGATIONS.**

7. Plaintiff Craig H. is a 30 year old resident of Philadelphia, Pennsylvania. He is deaf and has a diagnosis of Schizoaffective Disorder. His symptoms have included delusions, paranoia and aggression, and he has had numerous psychiatric hospitalizations.

8. The City has a program to provide residential mental health services to City residents in need of such services.

9. The City's Office of Mental Health has determined that Mr. H. needs residential mental health services and has placed him at Holiday House, a structured residential program to receive such services.

10. Because of his deafness, no staff or residents at Holiday House can communicate effectively with Mr. H., who's primary language is American Sign Language. Mr. H. has

repeatedly expressed frustration about the inability to communicate with the staff at his residence.

11. This lack of communication has been, and continues to be, detrimental to Mr. H. and counterproductive to his treatment. His frustration with communication adds to his mental problems, and his staff are not in a position to know whether Mr. H. is suffering from increased psychiatric problems or side effects of his psychotropic medications because he cannot get them to understand what he is telling them.

12 There are no medical personnel either at the residence, or available to come to the residence on short notice, who can communicate with Craig to assess or treat any symptoms of his illness or any side effects of his psychotropic medications.

13. As a direct and proximate cause of this failure of communications, Mr. H.'s condition has been exacerbated rather than ameliorated, to the point that he has been admitted to inpatient hospitalization at least four times in the past 15 months and as recently as March 2004.

14. Craig H. directly, and through his advocates, has requested for over a year that the defendant City provide him accommodations which would permit him to communicate with staff and other residents.

15. Such accommodation could easily be provided either by providing sign language interpreters at his residence, or by transferring him to a facility which provides services exclusively to deaf individuals, where staff are also deaf and/or can sign.

16. Since at least October of 2003, there have been vacancies at such a facility which has been ready and willing to accept Craig H. as a resident.

17. The defendant City has repeatedly advised Craig H. and his advocates that it would transfer him to the deaf facility discussed above, but has failed to do so.

18. By failing to provide Craig H. the accommodation that he requires because of his deafness, in violation of the law, the defendant has caused him serious and irreparable injury. These injuries include: a loss of effective mental health treatment; a feeling of isolation and segregation; effective solitary confinement; humiliation of involuntary commitment; extreme emotional distress and pain and suffering of the highest degree.

**LEGAL CLAIMS.**

**COUNT I:** **Violation of Title II of the Americans With Disabilities Act.**

19. Plaintiff incorporates the allegations of the foregoing paragraphs into Count I.

20. Title II of the Americans with Disabilities Act prohibits public entities, such as the City, from discriminating against individuals with disabilities by failing to provide equal access to its programs and services – that is, access that would enable the individual "to obtain the same result, to gain the same benefit or to reach the same level of achievement as that provided to others". This includes failing to provide necessary modifications to programs and/or failing to provide auxiliary aids and services to people with deafness in order to provide effective communication.

21. Plaintiff has physical or mental impairments that substantially limit one or more major life activities, including hearing and speaking. He is therefore an individual with disabilities within the meaning of § 12102(2) of the ADA. 28 C.F.R. 35.104.

22. With or without reasonable modifications to rules, policies, or practices, the removal of communication barriers, or the provision of auxiliary aids and services, plaintiff meets the essential eligibility requirements for the receipt of publicly funded residential mental health services. He is therefore a "qualified individual with disabilities" within the meaning of §12131(2) of the ADA. 28 C.F.R. 35.104

23. Defendant City is a public entity as defined by Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1). 28 C.F.R. 35.104

24. Defendant City is in violation of the ADA by subjecting plaintiff to discrimination in violation of the ADA, 42 U.S.C. 12132, and its implementing regulations.

**COUNT II:  Violation of the Section 504 of the Rehabilitation Act.**

25. Plaintiff incorporates the allegations of the foregoing paragraphs into Count II.

26. Plaintiff has physical or mental impairments that substantially limit one or more major life activities including hearing and speaking, and is a "qualified individual with a disability" within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations. 45 C.F.R. 84.3(j) and (k)(4).

27. Defendant is a recipient of federal financial assistance that operates programs or activities within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations.

28. Defendant has subjected plaintiff to discrimination solely by reason of his need for disability-related accommodations in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations.

29. Defendant fails to provide appropriate auxiliary aids to Plaintiff where necessary to afford him an equal opportunity to benefit from its residential mental health services.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

1. Exercise jurisdiction over his claims;

2. Grant plaintiff preliminary and permanent injunctive relief requiring defendant to provide him the necessary accommodations needed for him to have equal access to its residential mental health system;

3. Award him compensatory damages for the injuries he has suffered;

4. Award plaintiff his attorney's fees and costs; and

5. Grant such other and further relief as may be appropriate.

Respectfully Submitted,

*Rachel Mann*
RACHEL MANN
Attorney ID No. 49267
Disabilities Law Project
1315 Walnut Street, 4th Floor
Philadelphia, PA 19107
(215) 238-8070 ext. 205
rmann@dlp-pa.org

Edmond A. Tiryak
Attorney ID No. 20501
Post Office Box 229
Wayne, PA 19087-0229
(610) 341-9797 (voice)
(610) 341-9356 (fax)
etiryak@email.msn.com

Attorneys for Plaintiff

Dated: May 6, 2004